UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

MITSUI SUMITOMO INSURANCE USA, )
INC. as subrogee of ASAHI )
BLUEGRASS FORGE CORPORATION, )
  )
    Plaintiff, )   Civil Case No.
  )   5:18-cv-152-JMH
  )
V. )
  )
DENHAM-BLYTHE COMPANY, INC., )   **MEMORANDUM OPINION**
*et al.,* )       **AND ORDER**
  )
    Defendants. )

** ** ** ** **

This matter is before the Court upon Defendant Denham-Blythe Company, Inc's ("Denham-Blythe") Motion to Alter or Amend [DE 34] the Court's March 21, 2019 Memorandum Opinion and Order [DE 32] arguing that since the Court dismissed this case based on the applicability of dispute resolution clauses in the Contract, the Court should not have ruled on the issue of whether the waiver of subrogation clause extended to post-construction claims. Additionally, as opposed to dismissing this case, Denham-Blythe requests the Court stay further proceedings in this matter pending arbitration. [DE 34]. For the reasons stated herein, Denham-Blythe's Motion to Alter or Amend [DE 34] will be granted in part and denied in part.

## FACTUAL AND PROCEDURAL HISTORY

This case arises from a January 31, 2011 design-build contract ("the Contract") between Asahi Bluegrass Forge Corporation ("Asahi") and Denham-Blythe for the construction of a 68,000 square foot manufacturing facility ("the Building"). [DE 20-1, at 2]. "As part of its obligations as general contractor, Denham-Blythe contracted with several Contractors to complete the design and construction process[,]" including BlueScope, Varco Pruden Buildings ("Varco") (a division of BlueScope), and Arrow Metals and Coatings, Inc. ("Arrow"). [DE 29, at 2]. On March 2, 2012, the roof of the Building was damaged by severe winds and was subsequently repaired by Denham-Blythe. [DE 20-1, at 2]. Again, on March 1, 2017, the roof of the Building sustained damage from severe winds, and Denham-Blythe completed both the temporary repair work and permanent repair work. *Id.*

After the roof was damaged on March 1, 2017, Asahi submitted property damages claims to its insurer, Plaintiff Mitsui Sumitomo Insurance USA, Inc. ("Mitsui"). *Id.* "According to the Complaint, Mitsui Sumitomo made payments to Asahi in response to the claims in the amount of $1,315,092.00 under policy PKG3126694 (hereinafter referred to as 'the Policy') with effective dates of October 1, 2016 through October 1, 2017." *Id.* (citing [DE 20-3]). On February 22, 2018, Mitsui, as subrogee of Asahi, filed its Complaint [DE 1] against Denham-Blythe, BlueScope, Varco, and

Arrow asserting subrogation rights against Defendants for the amounts paid to repair the property damage caused by the 2017 severe winds. [DE 1]. Mitsui's claims against Denham-Blythe include negligence, breach of contract, breach of warranty of workmanlike services, and negligent misrepresentation. *Id.* Mitsui's allegations against BlueScope and Varco include negligence, negligent misrepresentation, breach of warranty of workmanlike service, and breach of contract and third-party beneficiary. *Id.*

On April 13, 2018, Denham-Blythe filed a Motion to Dismiss [DE 20], and on February 15, 2019, BlueScope filed a Motion for Judgment on the Pleadings [DE 28] requesting Mitsui's claims against BlueScope and Varco be dismissed. BlueScope's Motion for Judgement on the Pleadings [DE 28] is nearly identical to Denham-Blythe's Motion to Dismiss [DE 20]. The only substantial difference between the two Motions [DE 20; DE 28] is that BlueScope's Motion for Judgment on the Pleadings [DE 28] omitted Denham-Blythe's argument that the claim is barred by the dispute resolution clauses in the contract.

On March 21, 2019, the Court granted Denham-Blythe's Motion to Dismiss [DE 20] because pursuant to the dispute resolution provisions in the Contract, the contracting parties were required to mediate, and if mediation was unsuccessful, to proceed to arbitration. [DE 20, at 20-25]. Thus, Mitsui's claim is barred by

the dispute resolution clauses in the Contract. Since BlueScope's Motion for Judgment on the Pleadings [DE 28] failed to argue Mitsui's claim is barred by the dispute resolution provisions in the contract, the Court denied BlueScope's Motion [DE 28]. However, in addition to deciding the dispute resolution issue, the Court also ruled on the issue of whether the waiver of subrogation clause applied to post-construction claims by finding that it did not apply. [DE 32, at 9-20]. On April 1, 2019, Denham-Blythe moved to alter or amend the Court's March 21, 2019 Memorandum Opinion and Order [DE 32] to omit Section A.2, entitled "WHETHER THE CLAIM IS BARRED BY THE WAIVER OF SUBROGATION CLAUSE," and stay further proceedings in this matter pending arbitration. [DE 34].

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment within 28 days after the entry thereof. "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "[A] Rule 59(e) motion cannot be used to 'relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment,' or 'to re-argue a case.'" *J.B.F. through Stivers v. Ky. Dept' of Educ.*, 690 F. App'x 906, 906-7 (6th Cir. 2017) (quoting *Exxon*

4

*Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008); *Sault Ste.*
*Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th
Cir. 1998)).

## DISCUSSION

Denham-Blythe identifies a clear error of law in the Court's
prior ruling. Specifically, as Denham-Blythe correctly asserts,
"If a court determines that an arbitration agreement is valid, it
cannot also rule on substantive issues meant for arbitration." [DE
34, at 2]. When the parties have agreed to arbitrate, the Court
may not consider the merits of the case. *See Smith v. Union Carbide*
*Corp.,* 350 F.2d 258, 261 (6th Cir. 1965) (quoting *United*
*Steelworkers of America v. American Mfg. Co.,* 363 U.S. 564, 567
(1960)); *Burden v. Check Into Cash of Kentucky, LLC,* 267 F.3d 483,
487 (6th Cir. 2001). Here, since the Court found the dispute
resolution clauses in the Contract barred Mitsui's claim, the Court
should not have also decided whether the waiver of subrogation
clause was valid. Doing so was a clear error of law and requires
the Court to amend its March 21, 2019 Memorandum Opinion and Order
[DE 32] to omit Section A.2, entitled "WHETHER THE CLAIM IS BARRED
BY THE WAIVER OF SUBROGATION CLAUSE," and language related to the
Court's decision regarding the validity of the waiver of
subrogation clause.

In addition to moving to alter or amend the Court's decision
regarding the waiver of subrogation clause issue, Denham-Blythe

5

requests the Court stay further proceedings in this matter pending arbitration. [DE 34]. Instead of staying further proceedings until the Parties participate in mediation and, if necessary, arbitration, the Court dismissed this matter without prejudice.

There is a split of authority on whether Section 3 of the Federal Arbitration Act ("FAA") mandates a stay of litigation as opposed to a dismissal in certain situations. *See Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072 (9th Cir. 2014); *Green v. SuperShuttle Intern., Inc.*, 653 F.3d 766 (8th Cir. 2011); *Choice Hotels Intern. v. BSR Tropicana Resort*, 252 F.3d 707 (4th Cir. 2001); *Bercovitch v. Baldwin School, Inc.*, 133 F.3d 141 (1st Cir. 1998); *Alford v. Dean Witter Reynolds*, Inc., 975 F.2d 1161 (5th Cir. 1992). *But see, Katz v. Cellco Partnership*, 794 F.3d 341 (2d Cir. 2015); *Halim v. Great Gatsby's Auction Gallery*, Inc., 516 F.3d 557 (7th Cir. 2008); *Lloyd v. Hovensa, LLC.*, 369 F.3d 263 (3d Cir. 2004); *Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953 (10th Cir. 1994). However, the Sixth Circuit has permitted courts to dismiss actions where the parties did not explicitly request a stay of the action. *See Hilton v. Midland Funding, LLC*, 687 F. App'x 515, 518-19 (6th Cir. 2017) (quoting 9 U.S.C. § 3) (explaining that the FAA requires a court to stay proceedings pending arbitration only "on application of one of the parties")).

Here, neither Denham-Blythe nor Mitsui requested this matter be stayed pending arbitration. Instead, in Denham-Blythe's Motion

to Dismiss [DE 20], Denham-Blythe requested this matter be dismissed [DE 20; DE 26], and the Court granted Denham-Blythe's request [DE 32]. Accordingly, Denham-Blythe has failed to show there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice, which would require the Court to alter or amend its previous decision to stay further proceedings in this matter, as opposed to dismissing this case without prejudice. *Henderson*, 428 F.3d at 620. Denham-Blythe request for the Court to stay further proceedings is an attempt to raise an argument that could have been raised prior to the Court's entry of judgment, and a Rule 59(e) Motion cannot be used to make such a request. *J.B.F. through Stivers*, 690 F. App'x at 906-7 (quoting *Baker*, 554 U.S. at 485 n. 5; *Engler*, 146 F.3d at 374).

## CONCLUSION

The Court, having considered the matter fully, and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1) Denham-Blythe's Motion to Alter or Amend [DE 34] is **GRANTED IN PART**, insofar as it pertains to the requested omission of Section A.2 of the Court's March 21, 2019 Memorandum Opinion and Order [DE 32], entitled "WHETHER THE CLAIM IS BARRED BY THE WAIVER OF SUBROGATION CLAUSE,"

and language related to the Court's decision regarding the validity of the waiver of subrogation clause;

(2)   Denham-Blythe's Motion to Alter or Amend [DE 34] is **DENIED IN PART**, insofar as it pertains to staying further proceedings in this matter pending arbitration, as opposed to dismissing this case without prejudice; and

(3)   The Court's March 21, 2019 Memorandum Opinion and Order [DE 32] and Judgment [DE 33] are **VACATED,** and the Court shall enter an amended Memorandum Opinion and Order omitting Section A.2 of the Court's March 21, 2019 Memorandum Opinion and Order [DE 32], entitled "WHETHER THE CLAIM IS BARRED BY THE WAIVER OF SUBROGATION CLAUSE," and language related to the Court's decision regarding the validity of the waiver of subrogation clause and amended Judgment.

This the 11th day of April, 2019.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge