UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE USA, INC. as subrogee of ASAHI BLUEGRASS FORGE CORPORATION, | ) ) ) ) |
| Plaintiff, | ) Civil Case No. ) 5:18-cv-152-JMH ) |
| V. | ) ) |
| DENHAM-BLYTHE COMPANY, INC., *et al.*, | ) **MEMORANDUM OPINION** ) **AND ORDER** ) |
| Defendants. | ) |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court upon Plaintiff's Motion for Reconsideration/Clarification of Amended Judgment Pursuant to Federal Rule of Civil Procedure 59(e) [DE 38] requesting the Court (1) "reinstate its waiver of subrogation clause holding as it pertains to BlueScope [Buildings North America, Inc. ('BlueScope')]," (2) "permit Plaintiff to pursue its claims against BlueScope or stay Plaintiff's claims against BlueScope until the conclusion of non-binding mediation," and (3) schedule an oral argument on this issue. For the reasons stated herein, Plaintiff's Motion for Reconsideration [DE 38] will be granted in part and denied in part.

**FACTUAL AND PROCEDURAL HISTORY**

This case arises from a January 31, 2011 design-build contract ("the Contract") between Asahi Bluegrass Forge Corporation

("Asahi") and Denham-Blythe for the construction of a 68,000 square foot manufacturing facility ("the Building"). [DE 20-1, at 2]. "As part of its obligations as general contractor, Denham-Blythe contracted with several Contractors and entities to complete the design and construction process[,]" including BlueScope, Varco Pruden Buildings ("Varco") (a division of BlueScope), and Arrow Metals and Coatings, Inc. ("Arrow"). [DE 29, at 2]. On March 2, 2012, the roof of the Building was damaged by severe winds and was subsequently repaired by Denham-Blythe. [DE 20-1, at 2]. Again, on March 1, 2017, the roof of the Building sustained damage from severe winds, and Denham-Blythe completed both the temporary repair work and permanent repair work. *Id.*

After the roof was damaged on March 1, 2017, Asahi submitted property damages claims to its insurer, Plaintiff Mitsui Sumitomo Insurance USA, Inc. ("Mitsui"). *Id.* "According to the Complaint, Mitsui Sumitomo made payments to Asahi in response to the claims in the amount of $1,315,092.00 under policy PKG3126694 (hereinafter referred to as 'the Policy') with effective dates of October 1, 2016 through October 1, 2017." *Id.* (citing [DE 20-3]). On February 22, 2018, Mitsui, as subrogee of Asahi, filed its Complaint [DE 1] against Denham-Blythe, BlueScope, Varco, and Arrow asserting subrogation rights against Defendants for the amounts paid to repair the property damage caused by the 2017 severe winds. [DE 1]. Mitsui's claims against Denham-Blythe

include negligence, breach of contract, breach of warranty of workmanlike services, and negligent misrepresentation. *Id.* Mitsui's allegations against BlueScope and Varco include negligence, negligent misrepresentation, breach of warranty of workmanlike service, and breach of contract and third-party beneficiary. *Id.*

On April 13, 2018, Denham-Blythe filed a Motion to Dismiss [DE 20], and on February 15, 2019, BlueScope filed a Motion for Judgment on the Pleadings [DE 28] requesting Mitsui's claims against BlueScope and Varco be dismissed. BlueScope's Motion for Judgment on the Pleadings [DE 28] is nearly identical to Denham-Blythe's Motion to Dismiss [DE 20]. The only substantial difference between the two Motions [DE 20; DE 28] is that BlueScope's Motion for Judgment on the Pleadings [DE 28] omitted Denham-Blythe's argument that the claim is barred by the dispute resolution clauses in the Contract.

On March 21, 2019, the Court granted Denham-Blythe's Motion to Dismiss [DE 20] because pursuant to the dispute resolution provisions in the Contract, the contracting parties were required to mediate, and if mediation was unsuccessful, to proceed to arbitration. [DE 20, at 20-25]. Thus, Mitsui's claim, insofar as it pertains to Denham-Blythe is barred by the dispute resolution clauses in the Contract. Since BlueScope's Motion for Judgment on the Pleadings [DE 28] failed to argue Mitsui's claim is barred by

3

the dispute resolution provisions in the Contract, the Court denied BlueScope's Motion [DE 28]. However, in addition to deciding the dispute resolution issue, the Court also ruled on the issue of whether the waiver of subrogation clause applied to post-construction claims by finding that it did not apply. [DE 32, at 9-20].

"On March 27, 2019, Mitsui demanded BlueScope participate in mediation and arbitration pursuant to the Design-Build Contract entered into between Mitsui and Denham-Blythe Company, Inc." [DE 39, at 2]. "The mediation and arbitration demand further requested the mediation occur within 60 days of the demand, and indicated Mitsui consented to BlueScope's participation in mediation and arbitration." *Id.*

On April 1, 2019, Denham-Blythe moved to alter or amend the Court's March 21, 2019 Memorandum Opinion and Order [DE 32] to omit § A.2, entitled "WHETHER THE CLAIM IS BARRED BY THE WAIVER OF SUBROGATION CLAUSE," and stay further proceedings in this matter pending arbitration. [DE 34]. On April 9, 2019, in response to Mitsui's demand for mediation and arbitration, BlueScope responded, by electronic mail and mail, that "'in the spirit of cooperation, BlueScope will agree to mediate the case'" under the following conditions: "(1) all parties agree to mediate the case, including Denham-Blythe and Arrow Metals; (2) Plaintiff states all theories of liability against defendants, including expert

4

theories and proof establishing any claims against defendants; and (3) Plaintiff allows 60 days for BlueScope's experts to evaluate Plaintiff's theories prior to attending mediation." [DE 39, at 2 (citing [DE 39-1, at 2])]. While BlueScope consented to mediate, it did not consent to participating in arbitration. *Id.*

On April 11, 2019, the Court granted in part Denham-Blythe's Motion to Alter or Amend [DE 34], insofar as it pertained to the requested omission of Section A.2 of the Court's March 21, 2019 Memorandum Opinion and Order [DE 32], entitled "WHETHER THE CLAIM IS BARRED BY THE WAIVER OF SUBROGATION CLAUSE," and language related to the Court's decision regarding the validity of the waiver of subrogation clause. [DE 35]. Additionally, the Court denied in part Denham-Blythe's Motion to Alter or Amend [DE 34], insofar as it pertained to staying further proceedings in this matter pending arbitration, as opposed to dismissing this case without prejudice. [DE 35]. Accordingly, on April 11, 2019, the Court vacated its March 21, 2019 Memorandum Opinion and Order [DE 32] and Judgment [DE 33] and entered an Amended Memorandum Opinion and Order omitting Section A.2 of the Court's March 21, 2019 Memorandum Opinion and Order [DE 32], entitled "WHETHER THE CLAIM IS BARRED BY THE WAIVER OF SUBROGATION CLAUSE," and language related to the Court's decision regarding the validity of the waiver of subrogation clause and Amended Judgment. [DE 36; DE 37].

5

On April 12, 2019, Mitsui filed the present Motion for Reconsideration [DE 38] requesting the Court (1) "reinstate its waiver of subrogation clause holding as it pertains to BlueScope [Buildings North America, Inc. ('BlueScope')]," (2) "permit Plaintiff to pursue its claims against BlueScope or stay Plaintiff's claims against BlueScope until the conclusion of non-binding mediation," and (3) hold oral argument on this issue. In response to Mitsui's present Motion [DE 38], "BlueScope consents to a stay of this matter pending the conclusion of non-binding mediation held pursuant to the terms outlined in BlueScope's April 9, 2019 Letter . . . ." [DE 39, at 3 (citing [DE 39-1])]. BlueScope reiterates that it "does not consent to arbitration of this matter at this time." *Id.* Replying to BlueScope's Response [DE 39], Mitsui asserts, "Blue Scope [sic] does not oppose the plaintiff's position that the Court's prior ruling with respect to the 'waiver of subrogation' defense asserted by Blue Scope should be reinstated and remain effective as to Blue Scope[,]" and "Blue Scope agrees with the plaintiff's position that the current action should not be dismissed as to Blue Scope, but rather should be 'stayed' pending mediation which the parties have agreed to participate in at this time." [DE 40, at 1]. Therefore, Mitsui "reiterates its request that the Court reinstate its March 21, 2019 Opinion and Order on the waiver of subrogation issue as it relates to Blue Scope and stay the action as to Blue Scope pending mediation." *Id.*

**STANDARD OF REVIEW**

The Court evaluates a motion to reconsider a final order or judgment as a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e). *See Keith v. Bobby*, 618 F.3d 594, 598 (6th Cir. 2010) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 611 (6th Cir. 2005)); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 808 (N.D. Ohio 2010). Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment within 28 days after the entry thereof. "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "[A] Rule 59(e) motion cannot be used to 'relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment,' or 'to re-argue a case.'" *J.B.F. through Stivers v. Ky. Dept' of Educ.*, 690 F. App'x 906, 906-7 (6th Cir. 2017) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

**DISCUSSION**

Mitsui identifies a clear error of law in the Court's April 11, 2019 Memorandum Opinion and Order [DE 35]. Specifically, as Mitsui correctly asserts, "The Court's initial ruling on the waiver

7

of subrogation must continue to apply to Mitsui's claims against BlueScope because BlueScope is not a party to the arbitration agreement." [DE 38, at 3]. "'Under federal law, 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.''" *Id.* (quoting *Diversicare of Nicholasville, LLC v. Lowry,* 213 F. Supp. 3d 859, 870 (E.D. Ky. 2016) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002))).

Section 1.1 of the design-build contract states:

> The Design-Build Documents shall not be construed to create a contractual relationship of any kind (1) between the Architect and Owner, (2) between the Owner and a Contractor or Subcontractor, or (3) between any persons or entities other than the Owner and Design-Builder, including but not limited to any consultant retained by the Owner to prepare or review the Project Criteria.

[DE 38-1, at 2]. According to the foregoing provision of the Contract, BlueScope was not a party to the design-build contract because it was neither the Owner, Asahi, nor the Design-Builder, Denham-Blythe, so the dispute resolution provisions in the Contract that require mediation and arbitration do not apply to Mitsui's claims against BlueScope. Moreover, since BlueScope does not oppose the Court reinstating its March 21, 2019 Memorandum Opinion and Order [DE 32], insofar as it pertains to the waiver of subrogation issue as it relates to BlueScope, and agrees to stay the action as to BlueScope pending mediation, oral argument is not

8

needed, so Plaintiff's Motion for Reconsideration [DE 38] will be denied, insofar as it pertains to Mitsui's request for oral argument, and granted, insofar as it pertains to Mitsui's request that the Court stay Mitsui's claims against BlueScope until the conclusion of mediation.

Mitsui's request that the Court reinstate its waiver of subrogation clause holding as it pertains to BlueScope must be denied because the Court's waiver of subrogation clause holding was based on the briefing of Denham-Blythe's Motion to Dismiss [DE 20], and after the Court granted in part Denham-Blythe's Motion to Alter or Amend [DE 34], the Court amended its March 21, 2019 Memorandum Opinion and Order [DE 32] to omit the waiver of subrogation clause holding. [DE 36]. The waiver of subrogation clause holding was a clear error of law. Specifically, since the Court found the dispute resolution clauses in the Contract barred Mitsui's claims against Denham-Blythe, the Court should not have also decided whether the waiver of subrogation clause was valid. Unlike Denham-Blythe's Motion to Dismiss [DE 20], BlueScope's Motion for Judgment on the Pleadings [DE 28] was not fully briefed, and the Court's waiver of subrogation holding was not based on BlueScope's Motion for Judgment on the Pleadings [DE 28]. Since the waiver of subrogation clause holding was made in error, the Court will not reinstate it.

However, considering the dispute resolution clauses do not pertain to BlueScope, and BlueScope's Motion for Judgment on the Pleadings [DE 28] has not been fully briefed, the Court will amend its April 11, 2019 Amended Memorandum Opinion and Order [DE 36] so that it pertains only to Denham-Blythe and its Motion to Dismiss [DE 20]. If mediation is unsuccessful, and either BlueScope, Mitsui, or another party wishes to lift the stay, they may request the Court do so. If the Court grants the moving party's request to lift the stay, the Court will set a briefing schedule for BlueScope's Motion for Judgment on the Pleadings [DE 28] and hear any other requests for relief at that time.

Regarding Mitsui's argument that BlueScope was merely a supplier of materials and not a Contractor under the terms of the Contract because BlueScope allegedly did not perform construction, at this time, the Court will refrain from finding whether BlueScope is a Contractor. [DE 38, at 3 n. 1]. In both BlueScope's Motion for Judgment on the Pleadings [DE 28] and its accompanying Memorandum in Support [DE 29], BlueScope asserts it was a defined Contractor under the terms of the Contract. However, whether BlueScope was a Contractor or not has no bearing on the issue presently before the Court. Contractor or not, BlueScope was neither the Owner nor the Design-Builder, so the dispute resolution provisions in the Contract that require Mitsui and Denham-Blythe to mediate and arbitrate do not apply to Mitsui's claims against

BlueScope. [DE 38-1, at 2]. If mediation is unsuccessful, the stay is lifted, and Mitsui wishes to again argue BlueScope is not a Contractor under the terms of the Contract, Mitsui is free to do so, and Mitsui and BlueScope will have the opportunity to fully brief the issue.

## CONCLUSION

The Court, having considered the matter fully, and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1) Plaintiff's Motion for Reconsideration/Clarification of Amended Judgment Pursuant to Federal Rule of Civil Procedure 59(e) [DE 38] is **GRANTED IN PART**, insofar as it pertains to Plaintiff's request that the Court stay Plaintiff's claims against BlueScope until the conclusion of mediation;

(2) Plaintiff's Motion for Reconsideration/Clarification of Amended Judgment Pursuant to Federal Rule of Civil Procedure 59(e) [DE 38] is **DENIED IN PART**, insofar as it pertains to Plaintiff's requests that the Court reinstate its waiver of subrogation clause holding as it pertains to BlueScope and schedule an oral argument;

(3) This matter is **STAYED** pending the outcome of mediation;

11

(4) No later than **seven (7) days** after the conclusion of mediation, the Parties **SHALL FILE** a joint status report informing the Court of the results of the mediation; and

(5) The Court's April 11, 2019 Amended Memorandum Opinion and Order [DE 36] and Amended Judgment [DE 37] are **VACATED,** and the Court shall enter a second amended Memorandum Opinion and Order that pertains only to Denham-Blythe and its Motion to Dismiss [DE 20].

This the 30th day of April, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge